**In re Dominick A. DECECCO, Debtor.**

**Bankruptcy No. 95–6533–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 5, 1999.

Dominic DeCecco, Cape Coral, FL, pro se.

Bernard J. Morse, Tampa, FL, for debtor.

Dennis J. LeVine, Tampa, FL, for trustee.

Stephany S. Carr, Naples, FL, trustee.

Buddy D. Ford, Tampa, FL, for ICC Performance.

Ronald L. Stetler, Naples, FL, for Alan Fischer.

Alan Leavitt, c/o Rossrock, Inc., New York City, Gary Klein, Stamford, CT, Michael Horn, Tampa, FL, for ICC Performance 3 Limited Partnership.

## ORDER ON QUANTUM MERUIT APPLICATION FOR PAYMENT OF COMPENSATION AND COST TO REAL ESTATE BROKER

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Quantum Meruit Application for Payment of Compensation and Cost to Real Estate Broker filed by Alan Fischer (Mr. Fischer). The Court reviewed the Application and the record, heard argument of counsel and finds that the facts relevant to the resolution of this controversy as they appear in the record are as follows.

On October 30, 1997, an Application for Appointment of Real Estate Broker was filed by the Trustee, Stephany Carr (Trustee). On November 6, 1997, the Court entered its Order Authorizing Appointment of Real Estate Broker for Trustee. Mr. Fischer was retained to market and procure a buyer for a shopping center owned by Dominick A. DeCecco and his wife, Heidi DeCecco, in Connecticut. It is without dispute that Mr. Fischer was not able to procure a buyer for the shopping center and the same was ultimately transferred to the mortgagee, ICC Performance III Limited Partnership (ICC). On July 29, 1998, the Application for Payment of Compensation to Real Estate Broker was filed by Mr. Fischer and on September 15, 1998, the Objection to the same was filed by ICC. The Trustee filed a Joinder in the Objection.

On October 28, 1998, a Renewed Application for Payment of Compensation to Real Estate Broker (Renewed Application) was filed by Mr. Fischer and again, an Objection was filed by ICC. On January 11, 1999, this Court entered its Order sustaining the Objection to Renewed Application without prejudice on the ground that Mr. Fischer was not entitled to any real estate commission in light of the undisputed fact that he was not the procuring agent who obtained a buyer for the subject

property. The Order provided, however, that Mr. Fischer may, if he so desired, seek compensation on a quantum meruit basis within thirty (30) days from the entry of the Order sustaining the Objection and furnish evidence of the actual out-of-pocket expenses he incurred.

On January 21, 1999, Mr. Fischer filed an Emergency Motion for Rehearing and/or Reconsideration of the January 11, 1999 Order Sustaining the Objection to the Renewed Application and for Attorney's Fees (Motion for Reconsideration). The Motion for Reconsideration was based on the contention that the Order sustaining the Objection was contrary to the Court's ruling announced at the December 21, 1998 hearing in that the Court did not direct Mr. Fischer to file a separate motion for compensation based on quantum meruit. Mr. Fischer contends that the only requirement imposed by the Court was that he have his deposition taken and file the transcript of the same with this Court for consideration. Because of opposing counsel's attempts to alter the Court's ruling, Mr. Fischer contends that he has incurred additional attorney's fees, including but not limited to the time spent in preparing the Motion for Reconsideration, the anticipated time needed to travel to and attend the hearing on the same and the anticipated time he would spend in preparing the quantum meruit motion and attending the hearing on the same. For this, he should be compensated.

On February 8, 1999, Mr. Fischer filed the Quantum Meruit Application for Payment of Compensation and Costs and sought $83,000.00 for services rendered, $13,000 for actual cost reimbursement and $10,000 in attorney's fees. In his Application, he estimated that he spent 415 hours marketing the subject property at $200.00 an hour.

■ The request under consideration is based on the well recognized doctrine of quantum meruit. Under this equitable doctrine, one who benefits another should be rewarded, even absent of a contract, because the recipient of the benefit should not be unjustly enriched. Based on this premise, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even absent a specific contract. The essential elements of recovery under this theory are (1) valuable services were rendered; (2) the services were for the person sought to be charged; (3) these services were accepted by the person sought to be charged and were used and enjoyed by him; and (4) under such circumstances, a reasonable person would know that the person seeking compensation expected to be paid.

■ It is evident from the foregoing that the key question in considering the merit of compensation under this doctrine is whether a measurable benefit was conferred by the services rendered. Mr. Fischer contends that as a result of his marketing efforts, albeit unsuccessful, the bids for the purchase of the property increased. However, there is nothing in the record which would enable this Court to quantify this benefit, especially in light of the undisputed fact that the property was never really sold by the Trustee. Rather, the property was abandoned and ultimately transferred to the mortgagee, ICC. Based on the foregoing, this Court is satisfied that while Mr. Fischer should be awarded reimbursement for his actual costs, he should only be awarded a minimal amount for his services in attempting to market this property.

In view of the foregoing, the Emergency Motion for Rehearing and/or Reconsideration of the January 11, 1999 Order should be granted and the Quantum Meruit Application should be approved. Upon consideration of the Quantum Meruit Application and the Objection to the same, Mr. Fischer should be awarded $10,000.00 for the time spent marketing the property, $13,000.00 in actual costs and $0 in attorneys fees as there is no basis for such an award.

Accordingly, it is

546

ORDERED, ADJUDGED AND DE-CREED that the Emergency Motion for Rehearing ·and/or Reconsideration of Order Sustaining the Objection to Renewed Application for Allowance of Compensation and Expenses by Alan Fischer, Real Estate Broker Entered by this Court on January 11, 1999, and for Attorney's Fees filed by Alan Fischer be, and the same is hereby, granted.

It is further

ORDERED, ADJUDGED AND DE-CREED that the Quantum Meruit Application for Payment of Compensation and Cost to Real Estate Broker filed by Alan Fischer be, and the same is hereby, approved. Alan Fischer is hereby awarded $10,000.00 in fees, $13,000.00 in actual costs and $0 in attorneys fees.

It is further

ORDERED, ADJUDGED AND DE-CREED that Objection to Quantum Meruit Application for Payment of Compensation and Costs, by Alan ·Fischer, Real Estate Broker filed by ICC Performance 3 Limited Partnership be, and the same is hereby, overruled.